IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONFORMA THERAPEUTICS CORPORATION )<br>14 Cambridge Center )<br>Cambridge, MA 02142 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HON. David J. Kappos )<br>Under Secretary of Commerce for Intellectual )<br>Property and Director of the United States Patent )<br>and Trademark Office )<br>Office of General Counsel, )<br>United States Patent and Trademark Office )<br>P.O. Box 15667, Arlington, VA  22215 )<br>Madison Building East, Rm. 10B20 )<br>600 Dulany Street, Alexandria, VA  22314 )<br>)<br>Defendant. )<br>) | Case No._____ |

## COMPLAINT

Plaintiff, Conforma Therapeutics Corporation ("Conforma"), for its complaint against the Honorable David J. Kappos, states as follows:

## NATURE OF THE ACTION

1. This is an action by the assignee of United States Patent No. 7,544,672 ("the '672 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '672 patent be changed from 72 days to at least 115 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6. Plaintiff Conforma, a wholly owned subsidiary of Biogen Idec Inc., is a corporation organized under the laws of Delaware, having a principal place of business at 14 Cambridge Center, Cambridge, MA 02142.

7. Defendant David J. Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8. Srinivas Rao Kasibhatla, Marco Antonio Biamonte, Jiandong Shi, and Marcus F. Boehm are the inventors of U.S. patent application number 11/277,918 ("the '918 application") entitled "Alkynyl Pyrrolo[2,3-d]Pyrimidines and Related Analogs as HSP90-Inhibitors," which was issued as the '672 patent on June 9, 2009. The '672 patent claims alkynyl pyrrolo[2,3-d]pyrimidines and pharmaceutical compositions comprising alkynyl pyrrolo[2,3-d]pyrimidines. The '672 patent is attached as Exhibit A.

9. Plaintiff Conforma is the assignee of the '672 patent, as evidenced by the assignment documents recorded in the PTO.

10. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b).

11. 35 U.S.C. § 154(b)(3)(B) states that "the Director shall - (i) make a determination of the period of any patent term adjustment under this subsection, and shall transmit a notice of that determination with the written notice of allowance of the application . . . and (ii) provide the applicant one opportunity to request reconsideration of any patent term adjustment determination made by the Director."

12. In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

13. Plaintiff Conforma received a Determination of Patent Term Adjustment with the Notice of Allowance and Fee(s) Due mailed from the PTO on January 14, 2009, advising that the '918 application was entitled to 14 days of patent term adjustment.

14. Plaintiff Conforma filed an Application for Patent Term Adjustment – Pre-Grant with the PTO on April 8, 2009, before or with the issue fee payment as required by 37 C.F.R. § 1.705(b), asserting that the '918 application was entitled to 43 days of patent term adjustment at the time of the mailing of the Notice of Allowance.

15. Specifically, the patent term adjustment of 43 days was based on a total PTO delay of 43 days, according to the following facts:

    (a)    The '918 application was filed on March 29, 2006.

    (b)    The first Office Communication was mailed on July 11, 2007, resulting in a PTO delay of 43 days beyond the 14 months provided by 35 U.S.C. § 154(b)(1)(A)(i).

    (c)    A response to the Communication was filed on October 2, 2007.

    (d)    A Restriction Requirement was mailed on December 6, 2007.

    (e)    A response to the Restriction Requirement was filed on January 7, 2008.

    (f)    A Non-Final Office Action was mailed on March 18, 2008.

    (g)    A response to the Non-Final Office Action was filed on June 18, 2008.

    (h)    A Final Office Action was mailed on September 11, 2008.

    (i)    A response to the Final Office Action was filed on December 11, 2008.

    (j)    A Notice of Allowance was mailed on January 14, 2009.

16. Plaintiff Conforma has not received a decision from the PTO regarding the Application for Patent Term Adjustment – Pre-Grant.

17. 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

18. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '672 patent reflecting that the patent is extended or adjusted under 35 U.S.C. § 154(b) by 72 days.

19.     Plaintiff Conforma filed an Application for Patent Term Adjustment – Post-Grant with the PTO on July 31, 2009, within two months of the issue date of the patent pursuant to 37 C.F.R. § 1.705(d), indicating that the '672 patent is entitled to a total patent term adjustment of 115 days.

20.     Plaintiff Conforma has not received a decision by the PTO regarding the Application for Patent Term Adjustment – Post-Grant.

21.     35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent. Chapter 7 of title 5 shall apply to such an action."

## CLAIM FOR RELIEF

22.     The allegations of paragraphs 1-21 are incorporated in this claim for relief as if fully set forth.

23.     The patent term adjustment for the '672 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '672 patent, is 72 days. (*See* Ex. A at 1.) The determination of this 72 day patent term adjustment is in error because the PTO failed to properly account for the delays that occurred before the date that was three years after the actual filing date of the '918 application, pursuant to 35 U.S.C. § 154(b)(1)(A). The correct patent term adjustment for the '672 patent is at least 115 days.

24.     The '918 application was filed on March 29, 2006, and issued as the '672 patent on June 9, 2009.

25.     Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 43 days.

26. Under 35 U.S.C. § 154(b)(1)(B), the number of days between the date that was three years after the actual filing date of the '918 application (*i.e.*, March 29, 2009) and the date that the '672 patent was granted (*i.e.*, June 9, 2009) ("B Delay") is 72 days.

27. Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is 0 days.

28. 35 U.S.C. § 154(b)(2)(A) provides that "[t]o the extent that periods of delay attributable to grounds specified in paragraph [b](1) overlap, the period of any adjustment . . . shall not exceed the actual number of days the issuance of the patent was delayed." The overlap between the "A Delay" period and the "B Delay" period in the prosecution of the '672 patent (*i.e.*, the period of "A Delay" that occurred between March 29, 2006, and June 9, 2009) is 0 days.

29. The '672 patent is not subject to a disclaimer of term. Thus the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

30. Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (43 + 72 = 115 days). This number is not reduced by any days of applicant delay or overlap days in this case.

31. The Director erred in the determination of patent term adjustment by treating the "period of delay" for "B Delay" for purposes of identifying "overlap" under 35 U.S.C. § 154(b)(2)(A), as running from the filing date of the patent application rather than beginning when the PTO has failed to issue a patent within three years. Thus, the Director erroneously determined that the net patent term adjustment should be limited under 35 U.S.C. § 154(b)(2)(A) by 43 days, rather than the correct number of 0 days, and arrived at a net patent term adjustment of 72 days.

32. In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term

adjustment. In accordance with *Wyeth*, the patent term adjustment for the '672 patent is properly determined to be 115 days, as set forth above.

33.   The Director's determination that the '672 patent is entitled to only 72 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that this Court enter Orders:

A.   Changing the period of patent term adjustment for the '672 patent term from 72 days to 115 days and requiring the Director to extend the term of the '672 patent to reflect the 115 day patent term adjustment.

B.   Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Dated: December 3, 2009

Respectfully submitted,

*[signature]*

Kenneth J. Meyers, Bar No. 106443
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff
CONFORMA THERAPEUTICS CORPORATION

**Of Counsel:**
Scott M. K. Lee, Bar No. 502437
FINNEGAN, HENDERSON,
FARABOW, GARRETT &
DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000